

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 29, 1939

Mr. Gerald Stockard
County Attorney
Denton County
Denton, Texas

Dear Sir:

Opinion No. O-686
Re: Can the constable serve as
bailiff for the grand jury
and receive pay therefor?

Your request for an opinion on the above
stated question has been received by this office.

Article 6878, Revised Civil Statutes reads
as follows:

"The qualified voters of each jus-
tice precinct at each general election
shall elect a constable for such precinct
for a term of two years."

Section 53 of Article 16 of the Texas Consti-
tution reads in part as follows:

"The Accounting Officers of this
State shall neither draw nor pay a war-
rant upon the Treasury in favor of any
person, for salary or compensation as
agent, officer or appointee, who holds
at the same time any other office or posi-
tion of honor, trust or profit, under
this State or the United States, except
as prescribed in this Constitution."

Section 40, Article 16 of the Texas Consti-
tution provides in part as follows:

"No person shall hold or exercise,

at the same time, more than one Civil
Office of emolument, except that of Jus-
tice of Peace, County Commissioner, Notary
Public and Postmaster, Officer of the
National Guard, the National Guard Reserve,
and the Officers Reserve Corps of the
United States and enlisted men of the
National Guard, the National Guard Reserve,
and the Organized Reserves of the United
States, and retired officers of the Uni-
ted States Army, Navy, and Marine Corps,
and retired warrant officers, and retired
enlisted men of the United States Army,
Navy, and Marine Corps, unless otherwise
specially provided herein..."

It is well established that a constable is a
public officer. Murray vs. State, 67 SW 2nd 274; Tex.
Jur. Vol. 34, p. 601; and Tex. Jur., Vol. 38, p. 432.

Section 40, Article 16 of the Constitution,
supra, prohibits the holding at the same time more than
one civil office of emolument, except those offices
names therein.

A grand jury bailiff is also an officer, his
appointment being provided for by statute, his tenure
of office being limited as to time, and an oath of office
being required from him. Article 367, 367a, 367b and
368, Code of Criminal Procedure; Cuilla vs. State, 28
SW 2nd 541.

In an opinion written June 11, 1931, by Hon.
Bruce W. Bryant, Assistant Attorney General, this depart-
ment held that a constable could not accept the office
of bailiff for the grand jury and receive pay therefor.

In view of the foregoing authorities, you are
respectfully advised that it is the opinion of this de-
partment that a constable is prohibited by the Constitution

from serving and accepting pay as the grand jury bailiff while such constable retains his office as constable.

Trusting that the foregoing answers our inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN